FILED
CLERK, U.S. DISTRICT COURT
11/12/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: JB  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GARY BAKER, <br>   aka "Shy," <br><br> Defendant. | CR    2:21-cr-00525 <br><br> I N D I C T M E N T <br><br> [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about March 2, 2021, in Los Angeles County, within the Central District of California, defendant GARY BAKER, also known as "Shy," knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 28.71 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about March 2, 2021, in Los Angeles County, within the Central District of California, defendant GARY BAKER, also known as "Shy," knowingly carried a firearm, namely, a Bersa, model Firestorm, .380 caliber pistol, bearing serial number J46628, during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about March 2, 2021, in Los Angeles County, within the Central District of California, defendant GARY BAKER, also known as "Shy," knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. A Bersa, model Firestorm, .380 caliber pistol, bearing serial number J46628;
2. Three rounds of Federal Cartridge Company .380 caliber ammunition;
3. Two rounds of Cascade Cartridge .380 caliber ammunition;
4. One round of Winchester .380 caliber ammunition; and
5. One round of Sig Sauer .380 caliber ammunition.

Defendant BAKER possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Carrying a Loaded Firearm, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number VA119801, on or about July 5, 2011;
2. Possession of a Firearm by a Felon/Addict, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number VA125942, on or about August 22, 2012;
3. Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of

California, County of Los Angeles, Case Number VA138918, on or about April 21, 2015;

4. Evading a Police Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number VA138918, on or about April 21, 2015;

5. Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number VA141519, on or about April 4, 2016;

6. Evading a Police Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court for the State of California, County of Los Angeles, Case Number VA141519, on or about April 4, 2016;

7. Possession of a Firearm by a Felon/Addict, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number KA115856, on or about November 8, 2017; and

8. Possession of a Firearm by a Felon/Addict, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number GA105885, on or about October 8, 2019.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Two or Three of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                          A TRUE BILL

                                                  /S/
                                          Foreperson

TRACY L. WILKISON
Acting United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

MARIA ELENA STITELER
Assistant United States Attorney
General Crimes Section